UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INSANE CLOWN POSSE, L.L.C., *et al.,*

        Plaintiffs,                  Case No. 05-71567
                                               Hon. Gerald E. Rosen

vs.

ALEX EKSTRA and
CLINTON FREEMAN,

        Defendants.
_____/

**ORDER REGARDING
VARIOUS PENDING MOTIONS**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     January 5, 2006

PRESENT: Honorable Gerald E. Rosen
                   United States District Judge

     Various motions presently are pending before the Court in this action, all related in some degree to the efforts of Defendant Alex Ekstra to file an amended answer and counterclaims and to extend the various deadlines set forth in the Court's August 24, 2005 scheduling order. As grounds for this requested relief, Defendant Ekstra relies principally upon the allegedly deficient representation provided by his former counsel, Patrick Broderick. For the reasons set forth briefly below, the Court finds that the relief sought by Defendant should be granted in part. This conclusion, in turn, dictates the proper resolution of certain other pending motions.

I.      **Procedural Background**

Plaintiffs commenced this action in this Court on April 21, 2005, asserting federal claims of copyright infringement, trademark infringement, and unfair competition — along with roughly 25 state-law claims under various theories of recovery — against two individuals, Defendants Alex Ekstra and Clinton Freeman.[1]  The complaint apparently was served upon Defendant Ekstra on May 19, 2005, and he filed his initial answer on June 14, 2005, along with a counterclaim against Plaintiffs and a cross-claim against Defendant Freeman.

On June 29, 2005, Plaintiffs filed a motion to strike Defendant Ekstra's June 14, 2005 pleadings.  Among the grounds for this motion, Plaintiffs noted that Defendant's pleadings were filed by a New York attorney, Patrick Broderick, who had not been admitted to practice in this District, and that Mr. Broderick had failed to designate local counsel as required under Local Rule 83.20(f) of this District.  Plaintiffs further observed that Defendant's counterclaim apparently was being asserted on behalf of an entity identified as "Ekstra Design, Inc.," despite the fact that no such entity had been joined as a party to this action — and, indeed, despite the lack of any indication that such an entity actually exists.

The Court addressed these matters at a August 24, 2005 status and scheduling

---

[1] Defendant Freeman has failed to file an answer or otherwise defend against the claims asserted against him, and Plaintiffs' request for a default judgment as to Defendant Freeman remains pending before the Court.

conference, with attorney Broderick appearing by telephone on behalf on Defendant Ekstra. During the course of this conference, the Court advised counsel of the various rules, procedures, and deadlines that would govern this action, and these directives were reflected in a scheduling order entered that same day. In addition, the Court granted leave for Defendant Ekstra to file amended pleadings within 21 days that would address the defects identified in Plaintiffs' June 29, 2005 motion to strike.

It does not appear that Defendant Ekstra and his counsel complied with this directive. Rather, the only submission on Defendant's behalf over the ensuing 21-day period was an August 25, 2005 filing captioned "Cross-Motion to File Amended Answer." Through this filing, Defendant evidently sought leave that the Court already had granted during the August 24, 2005 conference — and, indeed, it appears that this document was prepared and mailed on or around August 17, 2005, several days prior to the conference. In addition, the proposed amended answer, cross-claim, and counterclaim that accompanied this submission suffered from many of the same deficiencies noted in Plaintiffs' June 29, 2005 motion to strike.

Nothing further was filed with the Court on Defendant Ekstra's behalf until November 15, 2005, when Defendant filed a "Substitution of Attorney" stating that he had terminated his relationship with his current counsel of record, Mr. Broderick, and that he would henceforth proceed *in pro per*. That same day, Defendant filed an amended answer, as well as breach of contract and unjust enrichment counterclaims against Plaintiff. A few days later, on November 28, 2005, Defendant filed a motion requesting:

(i) a declaration by the Court that his November 15, 2005 answer and counterclaims were timely filed; (ii) an order directing Plaintiffs to respond to the counterclaims, and (iii) an extension of the various deadlines in the Court's August 24, 2005 scheduling order by a period of ***one year.***

Plaintiffs filed a response to this motion on December 5, 2005, and Defendant filed a reply in further support of his motion on December 15, 2005. Having reviewed these submissions and the record as whole, the Court is now prepared to rule on this matter, as well as certain other related motions. This order sets forth the Court's rulings on these matters.

**II.     Defendant Ekstra Is Granted Leave to File His Amended Answer and Counterclaims, and Is Granted a Modest Extension of the Deadlines in the August 24, 2005 Scheduling Order.**

As noted, Defendant Ekstra presently seeks formal leave to file the amended answer and counterclaims entered into the Court's docket on November 15, 2005, as well as a lengthy extension of the various deadlines set forth in the Court's August 24, 2005 scheduling order. In support of these requests, Defendant cites "the incompetence and inattention of his former counsel," Patrick Broderick, and he maintains that he has been diligent in acting to cure the defects in his former counsel's performance. In response, Plaintiffs note the past failures of Defendant and his former counsel to comply with the Court's directives, and they argue that Defendant should not be permitted to further delay these proceedings.

Regarding the first of Defendant's requests, the pertinent Federal Rule provides

4

that leave to amend a party's pleadings "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has emphasized that this Rule means what it says, and that leave to amend ordinarily should be granted absent such grounds as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). Similarly, the Sixth Circuit has stated that the "thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." Tefft v. Seward, 689 F.2d 637, 639 (6th Cir. 1982).

In light of this fairly lenient standard, the Court readily concludes that Defendant should be granted leave to amend his answer and counterclaims. First, and most importantly, such a grant of leave will advance the cause of deciding this case on the merits, where Defendant's past attempts at answering Plaintiffs' claims and allegations were woefully deficient.[2] Next, while Defendant is properly charged with the delay caused by the acknowledged "incompetence and inattention" of his chosen representative, Mr. Broderick, it appears that he has acted with reasonable diligence upon learning of these deficiencies. The resulting delay, while unfortunate, has been relatively modest,

---

[2] Indeed, after citing these various defects in support of their motion to strike Defendant's earlier pleadings, Plaintiffs requested in the alternative that Defendant be ordered to file a more definite statement of his defenses and counterclaims.

and cannot be viewed as unduly prejudicial to Plaintiffs. Rather, to the extent that Plaintiffs have been prejudiced by Defendant's failure to promptly and cogently articulate his defenses and counterclaims, the Court can remedy this by enlarging the discovery period in which Plaintiffs can test the assertions in Defendant's amended answer and counterclaims.

This brings the Court to Defendant's remaining request — namely, that the various deadlines set forth in the Court's August 24, 2005 scheduling order be extended by one year. This request, if granted in full, would reflect a three-fold extension of the Court's usual 120-day period of discovery in civil cases. As his sole support for this request, Defendant cites Plaintiffs' 35-count complaint and its assertion of "complex" claims under copyright and trademark law. Yet, while Plaintiffs perhaps have been somewhat overzealous in their assertion of claims, a review of the complaint reveals that the facts and allegations underlying these myriad claims are limited and fairly straightforward, and that these claims all arise from a single contractual relationship of limited duration. Accordingly, the Court is not persuaded that a lengthy extension is warranted. Rather, a more modest three-month extension should provide ample opportunity for the parties to identify and develop factual support for their various claims and defenses.

In light of this disposition of Defendant's November 28, 2005 motion, the Court can now rule on a number of other pending motions. First, Plaintiffs' June 29, 2005 motion to strike and their August 3, 2005 motion for order to show cause are denied as moot, in light of the Court's determination that Defendant should be granted leave to file

his November 15, 2005 amended answer and counterclaims. Next, Plaintiffs' August 3, 2005 and September 26, 2005 motions regarding defense counsel's failure to specify local counsel are also denied as moot, as this obligation no longer applies to the *pro se* Defendant.[3]  Finally, Plaintiffs' recent December 8, 2005 motion for summary judgment is denied as premature, but without prejudice to Plaintiffs' opportunity to file another such motion upon the close of discovery, whether on the same or any other grounds warranted by the record developed during discovery.

## III. Conclusion

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Alex Ekstra's November 28, 2005 motion for leave to file an amended answer and counterclaims and to modify scheduling order is GRANTED IN PART. Accordingly, IT IS FURTHER ORDERED that Defendant's November 15, 2005 answer and counterclaims shall be deemed properly filed, and that the time period under Fed. R. Civ. P. 12(a)(2) for Plaintiffs to respond to this pleading shall commence as of the date of the present order. IT IS FURTHER ORDERED that the Court's August 24, 2005 scheduling order is AMENDED to extend the relevant deadlines by **ninety (90) days**, as follows:

---

[3]Before leaving this matter, however, the Court strongly urges Defendant to retain substitute counsel. As he has acknowledged, federal intellectual property litigation implicates a complex and specialized body of law, and Defendant simply lacks the knowledge or expertise to properly defend against Plaintiffs' copyright, trademark, and unfair competition claims. Moreover, the procedural history of this case amply illustrates the myriad procedural hurdles that confront federal court litigants, and Defendant has not been entirely successful thus far in negotiating these obstacles.

| | |
|---|---|
| Preliminary Witness Lists: | 3/17/2006 |
| Discovery Cut-Off: | 3/31/2006 |
| Non-Expert Final Witness Lists: | 4/14/2006 |
| Dispositive Motions: | 4/28/2006 |
| Proposed Joint Final Pretrial Order: | 8/18/2006 |
| Final Pretrial Settlement Conference: | 8/24/2006 at 10:30 a.m. |
| Trial: | September 2006 |

In all other respects, the August 24, 2005 scheduling order remains in full effect.

Next, in light of these rulings, IT IS FURTHER ORDERED that Plaintiffs' June 29, 2005 motion to strike and Plaintiffs' August 3, 2005 motion for order to show cause are DENIED AS MOOT. IT IS FURTHER ORDERED that Plaintiffs' August 3, 2005 and September 26, 2005 motions seeking compliance with Local Rule 83.20 also are DENIED AS MOOT. Finally, Plaintiffs' December 8, 2005 motion for summary judgment is DENIED WITHOUT PREJUDICE.

Dated: January 5, 2006

                                                    s/Gerald E. Rosen
                                                    Gerald E. Rosen
                                                    United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2006, by electronic and/or ordinary mail.

                              s/LaShawn R. Saulsberry
                              Case Manager